IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROLYN DEPHILLIPS, et al., | * | |
| | * | |
| v. | * | Case No.: 8:09-cv-00905 |
| | * | |
| UNITED STATES OF AMERICA, et al., | * | |
| | * | |
| | * | |
| | * | |
| | ***** | |

MEMORANDUM

On July 20, 2009, Carolyn DePhillips, Richard Pelzer, and Richard DePhillips, Jr. ("Plaintiffs") commenced this action by filing a complaint in this Court against the United States of America ("United States"), Tri-State Government Services Inc. ("Tri-State"), ECOFLO Inc., ("Ecoflo"), and James R. Fulk, Jr. ("Fulk") for injuries allegedly sustained from exposure to chemical waste. On August 10, 2009, Defendant Ecoflo filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. For the following reasons, I will grant in part and deny in part Ecoflo's Motion to Dismiss or, in the alternative, Motion for Summary Judgment.[1]

A motion to dismiss is appropriate where Plaintiff can prove no set of facts that would entitle him to relief. *Herlihy v. Ply-Gem-Indus., Inc.*, F. Supp. 1282, 1285 (D. Md. 1990). Summary judgment is only appropriate where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

---

[1] Defendant Tri-State has filed a Motion to Join and Adopt Ecoflo's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Specifically, Tri-State adopts Ecoflo's Memorandum of Law and asks this Court to apply it to dismiss Plaintiffs' Counts II, VI, and X (strict liability) and Counts XXIV, XXV, and XXVI (respondeat superior claims as applied to Tri-State). Because Ecoflo's legal arguments on strict liability and respondeat superior apply equally to both Ecoflo and Tri-State, Tri-State's Motion is granted, and the above mentioned counts will be dismissed in the order attached.

Ecoflo's motion to dismiss Plaintiffs' strict liability claims is properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2] Maryland courts recognize the theory of strict liability for abnormally dangerous activities if they meet the following six characteristics:

> 1) existence of a high degree of risk of some harm to the person, land or chattels of others; 2) likelihood that the harm that results from it will be great; 3) inability to eliminate the risk by the exercise of reasonable care; 4) extent to which the activity is not a matter of common usage; 5) inappropriateness of the activity to the place where it is carried on; and 6) extent to which its value to the community is outweighed by its dangerous attributes.

*See* Restatement Second of Torts, Sections 519 and 520; *Kelley v. R.G. Indus., Inc.*, 497 A.2d 1143. 1147 (Md. 1985); *Yommer v. McKenzie*, 257 A.2d 138, 140 (Md. 1969). However, Maryland courts have "refused to extend the abnormally dangerous activities doctrine to instances in which the alleged tortfeasor is not an owner or occupier of land," and instances in which the activity is not abnormally dangerous in relation to the area in which it occurs. *Kelley*, 497 A.2d at 1147. In the instant case, the transportation of chemical waste on interstate highways does not satisfy the six criteria of an abnormally dangerous activity, nor does any potential danger relate to land which Ecoflo either owns or occupies.

Plaintiffs' separate cause of action for respondeat superior is also properly dismissed as it is not a separate cause of action, "but rather a doctrine that permits the imputation of liability on a principal or employer for the act of an agent or employee." *Davidson-Nadwodny v. Wal-Mart Assocs.*, 2008 U.S. Dist. LEXIS 45633, 15-16 (D. Md. 2008). Plaintiffs do not oppose this motion, but have requested leave to amend their complaint, if necessary, to include the doctrine

---

[2] Plaintiffs appear to have acquiesced to Ecoflo's motion to dismiss their strict liability claims, having noted in their opposition to Ecoflo's motion that they would "supplement its Motion shortly in that regard or strike the Count against Ecoflo pertaining to strict liability." (Pls.' Mem. in Opp. to Ecoflo's Mem. ("Pls.' Mem.") at 5-6.) While Plaintiffs have not struck their strict liability counts, nor have they supplemented their motion to address Ecoflo's arguments.

of respondeat superior in their general count of negligence. (Pls.' Mem. at 6.) Such leave is granted.

With respect to the remaining counts of Plaintiffs' complaint, grounds for dismissal or summary judgment are absent. There are material questions of fact with respect to the cause of the release of chemical waste on Interstate 83 and the potential negligence of Ecoflo. Therefore, Ecoflo's Motion to Dismiss or, in the alternative, Motion for Summary Judgment is denied with respect to the remaining counts in Plaintiffs' complaint. A separate order to that effect is being entered herewith.

DATE:  11/24/2009            /s/_____
                             J. Frederick Motz
                             United States District Judge