IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROLYN DePHILLIPS, et al., | * | |
| | * | |
| v. | * | Case No.: 8:09-cv-00905 |
| | * | |
| UNITED STATES OF AMERICA, et al., | * | |
| | * | |
| | * | |
| | * | |
| | ***** | |

MEMORANDUM

Carolyn DePhillips, Richard Pelzer, and Richard Dephillips, Jr. ("Plaintiffs") have filed a complaint in this Court against the United States of America ("United States"), Tri-State Government Services Inc. ("Tri-State"), ECOFLO Inc., ("ECOFLO"), and James R. Fulk, Jr. ("Fulk") for injuries allegedly sustained from exposure to chemical waste. Now pending are the United States' Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction, the United States' Motion for Summary Judgment, and Plaintiffs' Rule 56(f) motion for leave to conduct discovery. For the following reasons, I will grant the United States' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, and deny Plaintiff's Rule 56(f) Motion.

**Statement of Facts**

On February 23, 2006, the Defense Reutilization and Marketing Service ("DRMS"), a sub-agency of the United States Department of Defense, executed a contract with Tri-State for

1

the purposes of transporting and disposing of chemical waste. (Mem. Supp. Def.'s Mot. to Dismiss ("Def.'s Mem.") at 4.) Under the contract, Tri-State assumed responsibility for disposing of all waste material and ensuring that all individuals handling the waste were properly trained. (Def.'s Mem. Ex. 1, Contract, at ¶ C.1.2.1.) Tri-State also assumed responsibility for any and all "spills or leaks during the performance of this contract that occur as a result of or are contributed by the actions of any of [Tri-State's] agents, employees or subcontractors." (*Id*.) The contract provided that no government personnel would assist in the performance of the contract. Ultimately, all responsibility for performance of the contract was with Tri-State. (*Id*. at ¶ C.1.2.4.)

On April 13, 2006, Plaintiffs were traveling northbound on I-83 in Baltimore, Maryland behind a truck owned by Tri-State's subcontractor, ECOFLO, and operated by ECOFLO employee, Defendant James R. Fulk. (Def.'s Mem. at 3.) The truck was loaded with chemical waste. Plaintiffs allege that the material transported in the truck "exploded" and contacted the Plaintiffs and their vehicle. (*Id.*) Plaintiffs and Fulk pulled their vehicle to the side of the road. According to Plaintiffs, Fulk then opened the back of the truck and additional material was released onto Plaintiffs. (*Id.*)

On April 10, 2009, Plaintiffs filed the instant complaint against the United States claiming strict liability and negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (Pls.' Complaint at 2.) Prior to filing this complaint, Plaintiffs filed an administrative claim with the Navy Tort Claims Unit ("NTCU") on April 11, 2008. (Def.'s Mem. Ex. 2, Declaration of Robert Thomas, NTCU, at 5.) However, the appropriate agency for such a complaint was the United States Army Claim Service ("USARCS"). (*Id.* at 15.) The

NTCU forwarded Plaintiffs' complaint to the USARCS on June 18, 2008 where it was filed on June 24, 2008.  (Def.'s Mem. Ex. 3, Declaration of Lorenzo Ferguson, USARCS, at 1.)

**Standard of Review**

The doctrine of sovereign immunity provides that the United States may only be sued to the extent sovereign immunity has been waived.  *See United States v. Nordic Vill, Inc.*, 503 U.S. 30, 33-34 (1992).  Waivers of sovereign immunity are construed narrowly, with all ambiguities resolved in favor of the government.  *Id.* at 34.  If sovereign immunity has not been waived, Federal Courts lack subject matter jurisdiction over the claim.  *See Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 485 n.5 (1983); *McLean v. United States*, 566 F.3d 391, 401-02 (4th Cir. 2009).

The FTCA is a limited waiver of sovereign immunity.  When subject matter jurisdiction is challenged in an action brought pursuant to the FTCA, the Plaintiff bears the burden of persuasion and must establish that sovereign immunity has been waived.  28 U.S.C. § 1346, 2671; Fed. R. Civ. Pro. R. 12(b)(1); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995) (internal citations omitted) (noting that the "party who sues the United States bears the burden of pointing to an unequivocal waiver of immunity").  Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction.  *Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996).  When ruling on a 12(b)(1) motion, the court may consider exhibits outside the pleadings.  *See, e.g.*, *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977).  Indeed, "the

trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williams,* 50 F.3d at 304 (citing *Mortensen*, 549 F.2d at 891).

Rule 56(f) protects a party who for valid reasons cannot present evidence essential to raise a genuine issue of material fact. Rule 56(f) permits a party to show through affidavit that without discovery it cannot properly present facts essential to its opposition. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996) (same). However, a party must present valid reasons justifying their inability to present facts to oppose the motion. *See, e.g.*, *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007) (noting that Rule 56(f) requires a showing of good cause and concluding that the rule does not protect those who sleep on their rights). Furthermore, a "Rule 56(f) motion for additional discovery is properly denied when the additional evidence sought to be discovered would not create a genuine issue of material fact." *Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006) (citing *Strag v. Board of Trustees, Craven Comm. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995)). Therefore, the information sought must be material to the Court's decision.

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against the United States. Plaintiffs raise six counts against the United States: three counts of strict liability and three counts of negligence. Every claim raised by Plaintiffs falls outside the scope of the FTCA's waiver of sovereign immunity.

There is no jurisdiction for this court to hear Plaintiffs' strict liability allegations because the FTCA does not waive sovereign immunity for strict liability claims. The FTCA permits tort claims against the federal government for suits based on the "negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *see also* 28 U.S.C § 1346(b)(1) (providing subject matter jurisdiction only for tort suits alleging negligent or wrongful acts). In *Laird v. Nelms*, the Supreme Court concluded that the FTCA did not "authorize suit against the Government on claims based on strict liability for ultrahazardous activity." 406 U.S. 797, 799, 802-03 (1972). Courts applying *Laird* have generally concluded that the FTCA authorizes no suits against the Government on a theory of strict liability. *See, e.g.*, *Thompson v. Dilger*, 696 F.Supp. 1071, 1072 (E.D. Va. 1988) (concluding that the FTCA subjects the United States to liability only for negligent or wrongful acts); *Lively v. United States*, 870 F.2d 296, 300 (5th Cir. 1989) (affirming dismissal of strict liability claim under FTCA). In response to the United States' motion, Plaintiffs have offered no arguments to support this Court's jurisdiction over their strict liability claims. These claims are properly dismissed under Rule 12(b)(1).

Plaintiffs' negligence claims must be dismissed for three reasons. First, Plaintiffs failed to comply with the FTCA's jurisdictional requirement that an administrative complaint be filed with the appropriate federal agency within two years of the accrual of the alleged injuries. Second, the FTCA does not waive sovereign immunity for the negligence of independent contractors. Third, the FTCA expressly excludes liability for decisions within the discretionary authority of federal employees.

Plaintiffs failed to comply with the FTCA mandate that a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after

5

such claim accrues." 28 U.S.C. § 2401(b). Timeliness of the filing is determined by when the appropriate agency actually receives the claim. 28 U.S.C. §§ 2401(b), 2675(a). Here, Plaintiffs allege that they were injured on April 13, 2006. They filed their claim with the NTCU on Friday, April 11, 2008. However, the NTCU was not the *appropriate* administrative agency. The NTCU forwarded the claim to the USARC (the appropriate agency) on June 18, 2008, where it was filed on June 24, 2008. Because Plaintiffs failed to file their claim with the appropriate administrative agency within two years of the accrual of their injuries, their claims are barred.

Plaintiffs argue that filing with the NTCU should constitute a constructive filing because the NTCU failed to forward the claim to the appropriate federal agency "forthwith" as required by the FTCA's implementing regulations, and therefore, the Government caused the delayed filing. *See* 28 C.F.R. § 14.2(b). Plaintiffs are likely correct that if undue delay had caused the late filing, submission of the claim to the NTCU could have constructively satisfied the requirements of the FTCA. However, numerous courts have concluded that where, as here, a plaintiff waits until the eleventh hour to file a claim, there is no basis upon which to complain that it was not forwarded to the appropriate agency prior to the expiration of the statute of limitations. *See Kokotis v. United States Postal Serv.*, 223 F.3d 275, 277-80 (4th Cir. 2000) (concluding that there can be no equitable tolling where the "claimant failed to exercise due diligence in preserving his legal rights"); *Hart v. Dep't of Labor ex rel. United States*, 116 F.3d 1338, 1340-41 (10th Cir. 1997) (claim submitted to the United States Attorney General on last day of limitations period was untimely because it was not transferred to the appropriate agency prior to the expiration of the statute of limitations); *Cronauer v. United States*, 394 F.Supp. 2d 93, 100-01 (D.D.C. 2005) (claim submitted on the last day of limitations period was deemed untimely because it was not transferred to the Department of Labor until after limitations period

had expired). It would be unreasonable for this court to conclude that the forwarding requirements of 28 C.F.R. § 14.2(b) require an agency to forward a complaint within hours of its receipt. Only such an unreasonable interpretation would save the Plaintiffs' claims. Plaintiffs filed their claim on Friday April 11, 2008. For the USARCS to receive the claim prior to the Sunday, April 13, 2008 deadline, the NTCU would have had to reroute Plaintiffs' complaint on the same day it was received.

Plaintiffs also argue that filing with the NTCU should constitute filing with the USARC because they are both agencies within the Department of Defense. However, such a conclusion would impermissibly render the word "appropriate" in the FTCA superfluous. *See Lotrionte v. United States*, 560 F. Supp. 41, 43 (S.D.N.Y. 1983) (concluding that the FTCA must be construed to avoid rendering the term "appropriate" superfluous). The burden on Plaintiffs is not to file the claim with a related agency, but to file the claim with the *appropriate* agency. *See, e.g., Oquendo-Ayala v. United States*, 30 F.Supp. 2d 193, 195-96 (D.P.R. 1998) (concluding that a claim was not timely filed when it was received by the incorrect department within the department of justice (United State's Attorney's Office), rather than the FBI); *Martinez v. Minnis*, 257 Fed. Appx. 261, 264 (11th Cir. 2007) (administrative claim filed with the Director of the Bureau of Prisons was deemed not timely filed where it should have been sent to the southeast regional office).

Finally, Plaintiffs contend that the United States should be estopped from asserting a lack of subject matter jurisdiction because they were told by an officer of the NTCU, that it was the appropriate recipient of its complaint.[1] However, the Government is under "no obligation to notify every prospective plaintiff of its identity and involvement through its employees in all

---

[1] Plaintiff provides no documentation in support of this contention other than the cover sheet of the complaint faxed to the NTCU, which indicates that it is being sent per instructions received from the NTCU.

potential legal actions." *Gould v. United States Department of Health*, 905 F.2d 738, 745 (4th Cir. 1990). Ultimately, the "burden is on the plaintiff to discover the employment status of the tortfeasor, and to bring suit within the applicable limitations period." *Id.* Here, by filing their claim on the final business day of the statute of limitations period, Plaintiffs took the risk that their claim would not be received by the appropriate agency on time. *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that equitable tolling is not appropriate where "the claimant failed to exercise due diligence in preserving his legal rights").

Even if the claims are not time barred, subject matter jurisdiction is still absent because the FTCA does not permit suits against the government for the negligence of its independent contractors. The FTCA waives sovereign immunity for the negligent acts or omissions of an "employee" of the federal government, but expressly excludes liability for contractors. 28 U.S.C §§ 2671, 2679(b)(1). In interpreting this exception, the Fourth Circuit has concluded that there can be no liability for the United States for any act or omission related to a contractor's actions where the United States does not control and physically direct the "day-to-day operations of the endeavor." *See*, *Williams*, 50 F.3d at 306 (citing *Logue v. United States*, 412 U.S. 521, 529 (1973)); *see also Berkman v. United States*, 957 F.2d 108, 113 (4th Cir. 1992) (noting the difference between employees and independent contractors is whether the United States exercises supervision over the contractor's detailed physical performance). Under the contract in the instant case, Tri-State bore sole responsibility for: 1) the transportation of all waste material; 2) complying with applicable Federal and State laws; and 3) ensuring that all individuals handling the waste were properly trained. (Def.'s Mem. Ex. 1, Contract, at ¶ C.1.2.4, C.1.1.1, C.0.a.) Furthermore, the United States expressly disclaimed any assistance under the contract. (*Id*. at ¶C.1.2.4.) Because the United States had no role in the transportation of chemical waste

under the contract, the FTCA's independent contractor exception bars Plaintiffs' claims against the United States as they relate to the actions of Tri-State. *See Thompson*, 696 F.Supp. at 1072 (citing *Laird*, 406 U.S. at 803 (noting that under the FTCA "claims of vicarious . . . liability are . . . excluded")).

The FTCA also bars any of Plaintiffs' claims to the extent they ascribe negligence to the United States for any discretionary decisions made by employees with respect to how the material in question was transported. The FTCA expressly excludes liability for the discretionary functions of government employees. *See* 28 U.S.C. § 2680(a). "The exception provides that agents and employees of the United States will not be held liable for their challenged conduct if performance of their duties necessarily involves making decisions that are grounded in public policy." *Williams*, 50 F.3d at 308-09 (citing *Berkovitz*, 486 U.S. at 536-37). Because determining whether to hire an independent contractor requires an employee to balance the needs of transporting the waste against the expense of engaging such services, the decision is grounded in public policy and therefore outside the scope of the FTCA. *See Id.* at 310. Plaintiffs offer no contrary argument in their response to the United States' motion.

If the United States had been negligent, independent of the actions of Tri-State, the FTCA may have waived sovereign immunity. However, Plaintiffs offer no facts supporting such allegations. Plaintiffs' complaint alleges that the United States was negligent in failing to "properly maintain, store, contain, transport and secure chemicals/waste from exploding and/or escaping their containers and/or vehicle being used for their transportation." (Pls.'s Complaint at 11.) However, the clear language of the contract between the United States and Tri-State delegates each of these functions to Tri-State. (Def.'s Mem. Ex. 1, Contract, at ¶ C.0.a, C.1.1.1, C.1.2.1, C.1.2.6, C.1.2.4.). The cited provisions of the contract require Tri-state to "provide all

services necessary for the final treatment/disposal" of the waste in compliance with state and federal law, and to ensure that the materials are packaged in a suitable manner for transportation. (*Id.* at ¶ C.0.a., C.1.2.3.)

Co-Defendant Tri-State, in its opposition to the United States' Motion to Dismiss, suggests an independent basis of negligence on the part of the United States not raised by Plaintiffs. Tri-State alleges that employees of the United States acted negligently by incorrectly labeling the chemical waste to be transported as "non-reactive." (Co-Def.'s Mem. in Opp. to Def.'s Mem. ("Co-Def.'s Mem.") Ex. 1, Affidavit of Bob Hubert, at ¶ 7, 8.) While such action may in fact fall outside the independent contractor and discretionary function exceptions of the FTCA, it is irrelevant to the instant case. Plaintiffs have challenged the manner in which the chemical waste was stored and transported. Nowhere is the reactivity of the waste alleged to have caused the release of chemicals on I-83. Indeed, Tri-State's expert has concluded that the accident had nothing to do with the reactivity of the substance. (Co-Def.'s Mem. Ex. 1, Affidavit of Bob Hubert, at ¶ 9).

In the alternative to opposing the United States' Motion to Dismiss, Plaintiffs contend that they should be granted time to conduct discovery under Rule 56(f). However, under Rule 56(f), a party must provide specific indications of what facts discovery would produce that would affect the Court's analysis.[2] *See, e.g.*, *Evans Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (concluding Rule 56(f) requires a plaintiff to be specific with respect to why discovery is needed); *Malghan v. Evans*, 118 Fed. Appx. 731, 734 (4th Cir. 2004) (affirming denial of Rule 56(f) motion where plaintiff failed to specify why discovery was

---

[2] The Plaintiffs' have also failed to submit an affidavit that "particularly specifies legitimate needs" for discovery. *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). In the Fourth Circuit, failure to provide an affidavit "is itself sufficient grounds to" deny a Rule 56(f) motion. *Id.,* at 242.

needed to rebut defendant's motion).  Here, Plaintiffs offer no explanation as to how discovery would alter the conclusion that they failed to comply with the administrative filing requirements of the FTCA, or that the United States has not waived sovereign immunity.  *Morrow v. Farrell*, 50 Fed. Appx. 179, 179 (4th Cir. 2002) (noting that Rule 56(f) does not permit a party to oppose a 12(b)(1) motion by conducting a "fishing expedition"); *see also Adams v. Giant Food, Inc.* 225 F. Supp. 2d 600, 607 (D. Md. 2002).

## Conclusion

For the foregoing reasons, I grant the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Plaintiffs failed to comply with the administrative filing requirements of the Federal Tort Claims Act and have not shown that the United States has waived sovereign immunity with respect to Plaintiffs' allegations.

DATE:  11/24/2009          __/s/_____
                                         J. Frederick Motz
                                         United States District Judge